UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONAH ORION CARRICO,

          Plaintiff,

      v.                                    Case No. 23-cv-0869-bhl

SGT KRCMA,
SGT GREY, and
CO GONNERING,

          Defendants.

## SCREENING ORDER

Plaintiff Jonah Orion Carrico, who is currently serving a state prison sentence at Green Bay Correctional Institution is representing himself in this 42 U.S.C. §1983 action. On August 29, 2023, the Court screened Carrico's complaint and gave him the opportunity to file an amended complaint, which he did on September 11, 2023. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

According to Carrico, on May 18, 2023, Defendant Sgt. Krcma informed him during the evening medication pass that his medication was not on the cart. Krcma told Carrico that he would call health services to alert someone. Carrico asserts that he did not get his medication that night. The next day, at morning medication pass, Defendant Sgt. Grey informed Carrico that his medication was still not on the cart. Carrico asserts that he did not receive his medication that day and that he later cut his left wrist. Carrico explains that others near him yelled that there was a

2

medical emergency, and Defendant CO Gonnering responded. According to Carrico, Gonnering briefly left his cell-side to call the captain. Carrico asserts that Gonnering then talked him out of going on suicide watch. Gonnering went home at the end of his shift. Carrico asserts that he did not see anyone from health services, nor were pictures taken of his injury. According to Carrico, Krcma, Grey, and Gonnering should have known that there was a risk of suicide because Carrico had not taken his medication.

### THE COURT'S ANALYSIS

Prison officials violate the Eighth Amendment if they are aware of an objectively serious risk of harm to an inmate and knowingly or recklessly disregard it. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994). Carrico fails to state a claim against Krcma and Grey based on allegations that they simply did not give him his medication because it was not on the medication cart. According to Carrico, Krcma and Grey are corrections staff, not medical officials, so they do not determine the medications that prisoners receive. Carrico acknowledges that Krcma told him that he would contact health services about the missing medication. Non-medical staff are entitled to "rely on the expertise of medical personnel" and "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)). Krcma and Grey are not liable for medical staff's failure to act in response to Krcma's notice that Carrico's medication was not on the cart. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (holding that §1983 requires that a defendant be personally involved in an alleged deprivation to be liable).

Nor does Carrico state a claim against Krcma and Grey based on his assertion that they should have known he was at risk of harming himself because his medication was unavailable. A prison official's duty "extends to protecting inmates from imminent threats of serious self-harm,

3

and the obligation to intervene covers self-destructive behaviors up to and including suicide." *Szopinski v. Koontz*, 832 F. App'x 449, 451 (7th Cir. 2020) (citing *Miranda v. Cty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018)). To be liable, however, a defendant must be aware of a significant likelihood that an inmate may imminently seek to harm himself and must fail to take reasonable steps to prevent the inmate from doing so. *See Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006) (citing *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000)). Carrico includes no allegations suggesting that Krcma or Grey knew why he had been prescribed medication, what consequences Carrico might suffer if he missed a dose, or that Carrico had a history of mental illness and self-harm. Further, Carrico does not allege that he informed Krcma or Grey (or anyone else) that he was feeling suicidal or that he was thinking of harming himself. Carrico therefore fails to state a claim because the Court cannot reasonably infer from his allegations that Krcma and Grey were aware of a significant likelihood that he might imminently seek to harm himself. *See also Wright v. Funk*, 853 F. App'x 22, 25 (7th Cir. 2021) (prisoner's statement to defendants that "he was having suicidal thoughts and would like to speak with someone from the psychological services unit" did not make defendants aware that prisoner faced substantial and imminent risk of self-harm).

Carrico also fails to state a claim against Gonnering, who responded to Carrico's cell after inmates called for a medical emergency. Carrico asserts that Gonnering left his cell temporarily to retrieve a phone so he could call the captain and then returned to Carrico's cell. The Seventh Circuit has observed in similar circumstances that such actions "do not reflect the state of mind necessary to demonstrate deliberate indifference . . . ." *Szopinski*, 832 F. App'x at 452. Nor does he state a claim based on his allegation that Gonnering talked him out of going on suicide watch. Carrico does not allege that he harmed himself after interacting with Gonnering, so he suffered no

4

Case 2:23-cv-00869-BHL    Filed 09/29/23    Page 4 of 6    Document 15

injury as a result of his decision not to go on suicide watch. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011) ("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.").

Finally, Carrico's allegations that he never saw health services are too vague to state a claim because he includes no allegations about the severity of his self-inflicted injury, nor does he allege whether he requested medical attention. Without allegations addressing these topics, the Court cannot reasonably infer that Carrico suffered a cognizable harm. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (holding that self-inflicted injuries consisting of only minor scratches, quickly and easily treated with a gauze bandage are not a cognizable harm).

In light of Carrico's vague allegations that he received no medical care after he cut his wrist, the Court will give him one final opportunity to file an amended complaint curing the deficiencies identified in this decision. If Carrico does not believe he can cure the deficiencies, he need not take any further action. Carrico is reminded than a second amended complaint will take the place of prior complaints, so it must be complete in and of itself. If he chooses to file a second amended complaint, he should draft it as if he is telling a story to someone who knows nothing about the facts of his case.

One final note: The incident at issue occurred on May 18, 2023, and Carrico initiated this lawsuit just over a month later, on June 30, 2023. In light of the multiple levels of administrative review that a prisoner must complete under state law before filing a lawsuit, *see* Wis. Admin. Code §§ DOC 310.07–13, the timing of the complaint suggests Carrico may not have exhausted his available administrative remedies, as required by 42 U.S.C. §1997e(a), before he filed this lawsuit. A failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S.

5

199, 211–12 (2007), so the Court need not resolve that issue now. But if Carrico did not complete the grievance process before he filed this lawsuit, his complaint may be subject to dismissal. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). As a reminder, a prisoner cannot complete the grievance process while a lawsuit is pending—he must do so before he files his lawsuit. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (affirming dismissal of lawsuit filed two days before prisoner completed grievance process).

**IT IS THEREFORE ORDERED** that on or before **October 27, 2023**, Carrico may file a second amended complaint curing the deficiencies in the amended complaint as described in this decision. If the Court does not receive a second amended complaint by the deadline, it will dismiss this action based on Carrico's failure to state a claim in the amended complaint. If Carrico files a second amended complaint, the Court will screen it, as required by 28 U.S.C. §1915A.

Dated at Milwaukee, Wisconsin on September 29, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge